# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20315-BLOOM/Otazo-Reyes

COREY J. ZINMAN,

    Plaintiff,

v.

L.A. FITNESS INTERNATIONAL LLC,

    Defendant.
_____/

## OMNIBUS ORDER ON MOTION TO DISMISS, MOTION FOR LEAVE TO AMEND, AND MOTION FOR SANCTIONS

**THIS CAUSE** is before the Court upon Defendant L.A. Fitness International LLC's ("Defendant") Motion to Dismiss Plaintiff's Amended Complaint, ECF No. [8] ("Motion to Dismiss"), Plaintiff Corey J. Zinman's ("Plaintiff") Motion for Leave to File Second Amended Complaint, ECF No. [15] ("Motion for Leave to Amend"), and Plaintiff's Motion for Sanctions Regarding Submission of False or Misleading Statements by Defendant's Attorney Jessica Debono Anderson, ECF No. [30] ("Motion for Sanctions") (collectively, "Motions"). The Court has carefully reviewed the Motions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion to Dismiss is granted, the Motion for Leave to Amend is denied, and the Motion for Sanctions is denied.

### I. BACKGROUND

On January 26, 2021, *pro se* Plaintiff initiated this action against Defendant, alleging religious discrimination in violation of Title II of the Civil Rights Act of 1967, 42 U.S.C. § 2000a *et seq.* ("Title II"). ECF No. [1]; *see also* ECF No. [6] ("Amended Complaint"). On or about December 11, 2019, Plaintiff became a member of Defendant's gym located in Palm Beach

County, Florida. ECF No. [6] ¶ 8. During the COVID-19 pandemic, Defendant implemented a policy at its gym that requires "facial coverings both to enter and exit as well as to move about [its] facility[.]" *Id.* ¶ 9. According to the Amended Complaint, Plaintiff objected to Defendant's facial covering policy on the basis of his religion. *Id.* Specifically, Plaintiff contends that complying with Defendant's policy requires him to "obey[] the affirmative commands of [another] being but the Almighty Himself" and qualifies as "idolatry" in violation of Judaic law. *Id.* ¶¶ 20-23.

Plaintiff alleges that Defendant initially accommodated his religious beliefs and his objection to the policy, and "offered him the full and equal enjoyment of their goods, services, facilities, privileges, advantages, and accommodations despite [Plaintiff's refusal] to wear a facial covering." *Id.* ¶ 10. However, on December 15, 2020, Defendant's management "publicly harassed" Plaintiff for his failure to wear a facial covering, contacted law enforcement to remove Plaintiff from the premises, and terminated Plaintiff's membership. *Id.* ¶¶ 11-14. According to the Amended Complaint, although management insisted that Plaintiff wear a facial covering, they "allow[ed] other similarly situated individuals both to enter and exit as well as move about the facility without facial coverings." *Id.* ¶ 24.

Palm Beach County Emergency Order 2020-012,[1] provides that "[f]acial coverings must be worn by all persons, other than those specifically exempted in Section 4e. while obtaining any good or service or otherwise visiting or working in any business or establishment, including entering, exiting and otherwise moving around within the establishment." Order No. 2020-012

---

[1] As requested by the parties, the Court takes judicial notice of Emergency Orders 2020-012, 2020-016, 2020-020, 2020-026, 2020-028, 2020-30, 2020-031, 2021-001, 2021-002, 2021-003 ("Emergency Orders"), which are publicly available on Palm Beach County's website. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) ("Public records are among the permissible facts that a district court may consider."); *Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1082 (S.D. Fla. 2019).

§ 4(a). Included in the persons specifically exempt from wearing facial coverings are those "for whom wearing a facial covering conflicts with their religious beliefs or practices[.]" *Id.* § 4(e). Thus, according to Plaintiff, Defendant "was under no legal obligation to discriminate against [him] for refusing to wear a facial covering and did so completely of their own volition." ECF No. [6] ¶ 23.

Based on the foregoing allegations, Plaintiff alleges a claim against Defendant for intentional discrimination under Title II, and seeks monetary damages, as well as declaratory and injunctive relief. *Id.* at 7-10.[2] On April 4, 2021, Defendant filed its Motion to Dismiss, seeking dismissal of the Amended Complaint with prejudice on the bases that Plaintiff: (1) cannot state a claim under Palm Beach County's emergency orders;[3] (2) failed to allege that Defendant is a place of public accommodation within the meaning of Title II; (3) failed to comply with the notice requirements under Title II prior to initiating this action; (4) failed to state a claim for discrimination under Title II; and (5) lacks standing to seek injunctive relief. *See generally* ECF No. [8]. Plaintiff filed a Response to the Motion to Dismiss, ECF No. [13] ("Response"), to which Defendant filed a Reply, ECF No. [16] ("Reply"). Thereafter, Plaintiff separately moved for leave to file a second amended complaint, ECF No. [15]; *see also* ECF Nos. [27] & [29].

On May 19, 2021, Plaintiff filed a Rule 11 Motion for Sanctions,[4] which accuses Defendant's counsel of making several allegations in both the Motion to Dismiss and Reply

---

[2] Plaintiff also filed a Motion for Temporary Restraining Order and Preliminary Injunctive Relief, arising from Defendant's purportedly wrongful conduct set forth in the Amended Complaint. ECF No. [11] ("Motion for Temporary Restraining Order"); *see also* ECF Nos. [23] & [26].

[3] In his Response, Plaintiff explains that he is not asserting a claim under Palm Beach County's Emergency Orders, but rather under Title II only. ECF No. [13] at 7; *see generally* ECF No. [6].

[4] Plaintiff requests that the Court sanction Defendant's counsel under both Fla. Stat. § 57.105 and Fed. R. Civ. P. 11. However, because this action arises under federal law and does not invoke the Court's diversity jurisdiction, Section 57.105 does not apply. *See Fid. Land Tr. Co., LLC v. Sec. Nat. Mortg. Co.*, No. 6:12-

"which she either knew or should have known had no factual or legal basis." ECF No. [30] at 2. Defendant filed a Response in Opposition, ECF No. [34], contending that Defendant's counsel has not engaged in any conduct that violates Rule 11, and requests that the Court exercise its discretionary authority to sanction Plaintiff for his improper use of Rule 11. Plaintiff then filed a Reply in Support of his Motion for Sanctions, ECF No. [39].

The Motions are ripe for consideration.

## II. LEGAL STANDARD

### a. Rule 12(b)(6)

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."

---

CV-1676-ORL-19, 2013 WL 524961, at *1 (M.D. Fla. Jan. 7, 2013), *report and recommendation adopted*, No. 6:12-CV-1676-ORL-19, 2013 WL 588312 (M.D. Fla. Feb. 13, 2013).

*Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

A court, in considering a Rule 12(b)(6) motion, "may consider only the complaint itself and any documents referred to in the complaint which are central to the claims." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002))).

### b. Rule 11 Sanctions

"The purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts." *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010) (citing 2 James Wm. Moore et al., Moore's Federal Practice § 11.03 (3d ed. 2010)). "When an attorney files a pleading in federal court, the attorney signs the pleading to certify that, among other things, (1) the pleading is not being presented for an improper purpose; (2) the legal contentions are warranted by existing law or a nonfrivolous argument to change existing law; and (3) the factual contentions have evidentiary support or will likely have evidentiary support after discovery." *Peer*, 606 F.3d at 1311 (citing Fed. R. Civ. P. 11(b)). In assessing the propriety of Rule 11 sanctions, this Court asks: "(1) whether the party's claims are objectively frivolous, and (2)

whether the person who signed the pleadings should have been aware that they were frivolous."
*Id.* (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001)).

## III. DISCUSSION

### a. Failure to State a Claim

Title II of the Civil Rights Act of 1967 prohibits discrimination in places of public accommodation. *See* 42 U.S.C. § 2000a. Specifically, Section 2000a, provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). To state a *prima facie* case under Title II, a plaintiff must demonstrate that he:

> (1) is a member of a protected class; (2) attempted to contract for services and afford [himself] the full benefits and enjoyment of a public accommodation; (3) was denied the full benefits or enjoyments of a public accommodation; and (4) such services were available to similarly situated persons outside [his] protected class who received full benefits or who were treated better.

*Benton v. Cousins Properties, Inc.*, 230 F. Supp. 2d 1351, 1382 (N.D. Ga. 2002), *aff'd*, 97 F. App'x 904 (11th Cir. 2004) (citations omitted). Additionally, Section 2000a(b) recognizes the following establishments that qualify as places of public accommodation:

> (1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;
>
> (2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;
>
> (3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and
>
> (4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of

>which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

42 U.S.C. § 2000a(b).

In the Motion to Dismiss, Defendant argues that dismissal of the Amended Complaint is warranted because: (1) Plaintiff failed to allege that Defendant's gym is a place of public accommodation within the meaning of Title II; (2) Plaintiff failed to allege that he complied with the notice requirement of § 2000a-3 prior to filing suit; (3) Plaintiff failed to state a claim for religious discrimination under Title II; and (4) lacks standing to seek injunctive relief. The Court addresses each argument in turn.

### i. Place of Public Accommodation

Defendant first argues that dismissal is warranted because Plaintiff has failed to plausibly allege that Defendant's facility is a place of public accommodation within the meaning of Title II. ECF No. [8] at 8. In his Response, Plaintiff concedes that a gym is not one of the enumerated establishments under 42 U.S.C. § 2000a, but alleges, for the very first time, that it qualifies as a "place of exhibition or entertainment" under 42 U.S.C. § 2000a(b)(3). ECF No. [13] at 8. Plaintiff, however, failed to include such allegations in his Amended Complaint, and the arguments in his Response do not constitute factual allegations upon which the Court may rely. *See McKally v. Perez*, 87 F. Supp. 3d 1310, 1317 (S.D. Fla. 2015) ("a complaint may not be amended by briefs in opposition to a motion to dismiss." (citing *Huls v. Llabona*, 437 F. App'x 830, 832 (11th Cir. 2011))); *see also Erb v. Advantage Sales & Mktg. LLC*, No. 6:11-CV-2629-SLB, 2012 WL 3260446, at *3 (N.D. Ala. Aug. 3, 2012) ("a party may not rely on new facts in submissions in response to a motion to dismiss to defeat the motion." (citation omitted)). Nonetheless, the Court assumes, for the purposes of resolving the instant Motions, that the Amended Complaint

sufficiently alleges that Defendant's facility is a place of public accommodation, and addresses Defendant's alternative arguments in support of dismissal.

### ii. Notice Requirement

Defendant also argues that the Amended Complaint is subject to dismissal because Plaintiff failed to comply with the notice requirement set forth in 42 U.S.C. § 2000a-3 prior to initiating this action. ECF No. [13] at 10-11. Specifically, § 2000a-3 provides, in pertinent part:

> In the case of an alleged act or practice prohibited by this subchapter which occurs in a State, or political subdivision of a State, which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no civil action may be brought under subsection (a) before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.

42 U.S.C. § 2000a-3(c); *see also Strober v. Payless Rental Car*, 701 F. App'x 911, 913 (11th Cir. 2017) (finding that plaintiff failed to state a claim under Title II because, among other reasons, plaintiff failed to exhaust her state administrative remedies).

As with Title II, "[t]he Florida Civil Rights Act prohibits an individual from being denied access to places of public accommodation based on race, and the Florida Commission on Human Relations is charged with investigating complaints made pursuant to the Florida Civil Rights Act." *Strober*, 701 F. App'x at 913 n.3 (citing Fla. Stat. §§ 760.03, 760.06, 760.08, 760.11). Thus, pursuant to Title II, Plaintiff was required, at least thirty days prior to commencing this civil action, to give written notice to the Florida Commission on Human Relations ("FCHR") by registered mail or in person, of Defendant's alleged discriminatory conduct.

Upon review, the Amended Complaint contains no allegations that Plaintiff provided written notice of his claim to the FCHR. *See generally* ECF No. [6]. In his Response, Plaintiff

maintains that he was not required to give notice to the FCHR because he is seeking injunctive relief. ECF No. [13] at 10-11; *see also* Motion for Temporary Restraining Order, ECF No. [11]. In support of his position, Plaintiff relies on *Robinson v. Power Pizza, Inc.*, 993 F. Supp 1458 (M.D. Fla. 1998), in which the Court held that § 2000a-3 did not require plaintiffs to provide notice to the FCHR prior to filing their Title II action because "[p]laintiffs [sought] preliminary relief and the [FCHR] provide[s] no mechanism for obtaining such relief." *Id.* at 1460-61; *see also Brown v. Zaveri*, 164 F. Supp. 2d 1354, 1360 (S.D. Fla. 2001) (distinguishing *Robinson* on the basis that the preliminary injunction in *Robinson* "demanded immediate attention" and "was based on unique concerns of urgency." (citing *Hill v. Shell Oil Co.*, 78 F. Supp. 2d 764, 770 (N.D. Ill. 1999)))). However, *Robinson* has no bearing on this case as Plaintiff has neither alleged, nor demonstrated, any sense of urgency necessitating waiver of the thirty-day statutory notice requirement.

Interestingly, Plaintiff did not file his Motion for Temporary Restraining Order until April 21, 2021—thirteen days after Defendant's Motion to Dismiss was filed—and approximately three months after he initiated this action. Rather, the Amended Complaint only alleges a claim for injunctive relief, which, Plaintiff presumably learned through Defendant's briefing, "is insufficient to escape the requirements of § 2000a-3(c) in Florida." *Brown*, 164 F. Supp. 2d at 1360 (explaining that "[t]he FCHR is completely capable of investigating a request for injunctive relief and shall be given the opportunity to do so, in the absence of alleged urgency[.]"). Moreover, Plaintiff concedes that he failed to allege that he complied with the statutory notice requirement, and requests leave to file a second amended complaint to "include factual allegations related to the exhaustion of [his] administrative remedies[.]" ECF No. [15] at 2. As such, the Amended Complaint is subject to dismissal on this basis.

### iii. Allegations of Discriminatory Treatment or Intent

Defendant also maintains that the Amended Complaint is due to be dismissed because Plaintiff has failed to allege any facts demonstrating discriminatory treatment or intent. Critically, the fourth prong of a Title II claim requires Plaintiff to allege sufficient facts demonstrating that "such services were available to similarly situated persons outside [his] protected class who received full benefits or who were treated better." *Benton*, 230 F. Supp. 2d at 1382; *see also Trimble v. Emory Healthcare, Inc.*, No. 1:20-CV-1469-MLB, 2021 WL 1244864, at *5 (N.D. Ga. Jan. 21, 2021) ("Plaintiffs must plead an 'apt comparator' outside the alleged protected class 'who was not subjected to the same harsh treatment' as Plaintiffs." (quoting *Dozier v. Waffle House, Inc.*, No. 1:03-CV-3093-ODE, 2005 WL 8154381, at *6 (N.D. Ga. May 4, 2005))); *Benaddi v. Jarvis*, No. 8:15-CV-2143-T-33TGW, 2016 WL 3633010, at *3 (M.D. Fla. July 7, 2016) (finding that plaintiff failed to sufficiently plead a claim under Title II because "nowhere in [plaintiff's] [c]omplaint does she point to a comparator (i.e., a similarly situated person not in the protected class who was treated better.")).

Accepting the factual allegations in the Amended Complaint as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has failed to allege any facts in support of his claim that Defendant's facial covering policy was selectively enforced against Jewish gym members. Specifically, while Plaintiff alleges that Defendant "allowed[ed] other similarly situated individuals both to enter and exit as well as move about the facility without facial coverings," ECF No. [6] ¶ 24, he failed to identify a single comparator outside his protected class that was not subjected to the same treatment. *See Trimble*, 2021 WL 1244864, at *5; *see also Thomas v. Murphy Oil Co.*, 777 F. App'x 377, 380 (11th Cir. 2019) (affirming dismissal of plaintiff's complaint where he failed to allege any "facts from which a factfinder could infer reasonably that Plaintiff's

mistreatment was motivated by racial animus or that Plaintiff was treated less favorably than similarly situated non-African American customers."). Such a threadbare recitation lacking factual enhancement is insufficient under the standard elucidated in *Iqbal*. *See Iqbal*, 555 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In his Response, Plaintiff contends that "it would be impossible for [him] to know the particular religious affiliation of any given member without being allowed an opportunity to conduct discovery." ECF No. [13] at 15. *See also id.* at 19 (explaining that the Amended Complaint is not conclusory because it "can be substantiated with direct and/or circumstantial evidence upon being granted an opportunity to conduct discovery."). However, Plaintiff cannot use discovery as a means to investigate a theory for which he lacks any factual basis. *See Inman v. Am. Paramount Fin.*, 517 F. App'x 744, 748-49 (11th Cir. 2013) ("Rules 8(a) and 9(b) are pleading standards which apply *before* the discovery period begins and cannot be relied upon to defeat a motion to dismiss for failure to state a claim." (citation omitted) (emphasis in original)); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins."). Accordingly, Plaintiff's Title II claim is dismissed.[5]

---

[5] Because the Court finds that Plaintiff has failed to allege a necessary element of a Title II claim, the Court does not address Defendant's remaining arguments in support of dismissal. Nonetheless, the Court must highlight that it is questionable whether Title II requires Defendant to *accommodate* Plaintiff's religious beliefs. Indeed, the crux of Plaintiff's claim is that he was treated unlawfully because Defendant refused to accommodate his religious beliefs by exempting him from the facial covering policy. *See generally* ECF No. [6]. However, at least one court has held that Title II does not extend to claims against public facilities for failure to accommodate. *See Boyle v. Jerome Country Club*, 883 F. Supp. 1422, 1432 (D. Idaho 1995) (finding "persuasive evidence of a congressional intent not to require Title II public facilities to reasonably accommodate the religious beliefs of patrons."). Currently on appeal in the United States Court of Appeals for the Eleventh Circuit is *Zinman v. Nova Se. Univ.*, No. 21-CIV-60723-RAR, 2021 WL 1945831, at *2

### b. Leave to Amend

In his Motion for Leave to Amend, Plaintiff moves the Court to file a second amended complaint to: "1) to include factual allegations related to the exhaustion of [his] administrative remedies; and 2) to join Palm Beach County as a co-defendant in this matter pursuant to Section 86.091, Florida Statutes[.]" ECF No. [15] at 2; *see also* ECF No. [15-2]. Defendant, however, objects to Plaintiff's request to file a second amended complaint, arguing that permitting amendment here would be futile. *See generally* ECF No. [27].

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). The law in this Circuit is clear that "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004); *see also Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007) (same); *Thompson v. City of Miami Beach, Fla.*, 990 F. Supp. 2d 1335, 1343 (S.D. Fla. 2014) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." (citation omitted)).

---

(S.D. Fla. May 14, 2021), a related case filed by Plaintiff, in which the court applied *Boyle* as a bar to Plaintiff's request for a temporary restraining order and preliminary injunction.

"[D]enial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999); *see Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) (same); *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999) ("When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail."); *Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss."); *Aguilar v. United Floor Crew, Inc.*, No. 14-cv-61605, 2014 WL 6751663, at *2 (S.D. Fla. Dec. 1, 2014) (same). In any event, "the grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Upon review, the Court finds that Plaintiff's proposed amendment is futile. Specifically, the proposed Second Amended Complaint, ECF No. [15-2], does not cure the deficiencies outlined above and fails to include sufficient factual allegations to entitle Plaintiff to relief for religious discrimination under Title II. Indeed, by his own admission, Plaintiff concedes that it is "impossible for [him] to know the particular religious affiliation of any given member without being allowed an opportunity to conduct discovery." ECF No. [13] at 15. Moreover, as Defendant correctly argues, Plaintiff's request to add Palm Beach County as a party to challenge the constitutionality of the mask mandates in the Emergency Orders is moot in light of Executive Order 2021-102. *See* Fla. Exec. Order No. 2021-102 (the "Executive Order").

Indeed, on May 3, 2021, Governor Ron DeSantis signed the Executive Order, which explicitly "eliminates and supersedes any existing emergency order or ordinance issued by a

county or municipality that imposes restrictions or mandates upon businesses or individuals due to the COVID-19 emergency." The Executive Order further states:

> For the remaining duration of the state of emergency initiated by Executive Order 20-52, no county or municipality may renew or enact an emergency order or ordinance, using a local state of emergency or using emergency enactment procedures under Chapters 125, 252, or 166, Florida Statutes, that imposes restrictions or mandates upon businesses or individuals due to the COVID-19 emergency.

*Id.* Thus, Plaintiff's claim to determine the constitutionality of Palm Beach County's mask mandate, including its provisions regarding restrictions on local businesses, is now moot. Accordingly, even as amended, the proposed Second Amended Complaint is still subject to dismissal.

### c. Requests for Sanctions

Finally, in the Motion for Sanctions, Plaintiff requests that the Court sanction Defendant's counsel for purportedly making frivolous assertions and misstatements of law in Defendant's Motion for Dismiss and Reply. *See generally* ECF No. [31]. Notably, Plaintiff accuses Defendant's counsel of "willfully attempt[ing] to mislead this Court regarding [*Strober v. Payless Rental Car*, 201 F. App'x 911 (11th Cir. 2017)] not just once but twice, while also lodging baseless ad hominem attacks against [Plaintiff] in the process[.]" *Id.* at 2-3. However, prior to filing his Motion for Sanctions, this Court—in a similar Title II lawsuit filed by Plaintiff against his law school, amongst others—issued an Order citing *Strober* for the *same proposition* cited to by Defendant's counsel. *Compare Zinman v. Nova Se. Univ.*, No. 21-CIV-60723-RAR, 2021 WL 1945831, at *3 (S.D. Fla. May 14, 2021) (finding that Plaintiff failed to comply with the notice requirement set forth in 42 U.S.C. § 2000a-3, and citing *Strober* for the proposition that "to state a viable Title II claim, plaintiff must first exhaust state or local administrative remedies, if such remedies are available."), *with* ECF No. [8] at 9 (explaining that in *Strober*, "the Eleventh Circuit held that

dismissal of plaintiff's claim was appropriate where plaintiff had failed to comply with Title II's notice requirements as plaintiff's complaint contained no allegations that she had provided written notice of her claim to the FCHR."). As Defendant correctly highlights, the fact that Plaintiff, a recent law school graduate, chose to proceed with the filing of his Motion for Sanctions despite the Court's Order relying on *Strober* is without merit.

Upon review, the Court finds Plaintiff's Motion for Sanctions wholly inappropriate and patently frivolous. Indeed, Plaintiff has failed to demonstrate any semblance of bad faith on behalf of Defendant's counsel, nor that Defendant's arguments in support of dismissal are not warranted by existing law and its application to the instant case. Rather, it appears that Plaintiff has "strategically" moved for sanctions as a tactic to strong-arm opposing counsel into withdrawing its Motion to Dismiss. *See* ECF No. [34-1] (Plaintiff's first motion for sanctions served on Defendant's counsel on April 16, 2021); ECF No. [34-2] (Plaintiff's second motion for sanctions served on Defendant's counsel on May 2, 2021); ECF No. [34-4] at 1 (May 18, 2021 conferral email between Plaintiff and Defendant's counsel, stating that he will "agree to [Defendant's] request for an extension to respond to [Plaintiff's] discovery requests if [Defendant] consent[s] to [him] filing an additional amended complaint.").

Defendant's counsel, in response to the Motion for Sanctions, requests that sanctions be imposed upon Plaintiff for filing a frivolous Rule 11 motion. *See* ECF No. [34] at 14-17; *see also* Fed. R. Civ. P. 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."). While the Court strongly disapproves of Plaintiff's filing of a procedurally and substantively improper Rule 11 motion, the Court declines to exercise its direction under Rule 11 to impose monetary sanctions against Plaintiff in this instance. It is, however, a close call, as Rule 11 motions should not "be prepared

to emphasize the merits of a party's position . . . [or] to intimidate an adversary into withdrawing contentions that are fairly debatable." Fed. R. Civ. P. 11 advisory committee notes to 1993 amendment.

Rather, the Court takes this opportunity to educate Plaintiff, a recent law graduate who is scheduled to take the Florida Bar Exam in July 2021, that it is a "fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility." S.D. Fla. L.R. at 12; *see also* Fla. Bar Guidelines for Professional Conduct, *The Creed of Professionalism*, available at https://www.floridabar.org/prof/presources/creed-of-professionalism/. Plaintiff's lack of professionalism in both his litigation tactics and communications with opposing counsel fall well-below expectations.[6]

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, **ECF No. [8],** is **GRANTED**. The Amended Complaint, **ECF No. [6]**, is **DISMISSED WITH PREJUDICE**.

2. Plaintiff's Motion for Leave to Amend, **ECF No. [15]**, is **DENIED**.

3. Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunctive Relief, **ECF No. [11]**, is **DENIED AS MOOT**.

4. Plaintiff's Motion for Sanctions, **ECF No. [31]**, is **DENIED**. Defendant's request that Plaintiff be sanctioned in **GRANTED IN PART**. **On or before July 21, 2021**,

---

[6] *See, e.g.*, ECF No. [34-4] at 1 ("Perhaps if you weren't so busy making frivolous arguments and impugning my fitness to be an officer of the court, you wouldn't need any additional time to respond [to my discovery requests]."); *id.* at 3 ("In light of the fact that your office has attempted to secure an Order requiring me, a 26-year-old college student, to pay LA Fitness' attorney's fees, I object to your request for an extension of the deadline to produce responses to either my request for documents or production. Any inconvenience that you may experience as a result of having to respond to multiple pending motions is wholly a product of your own doing.").

    Plaintiff shall file a Notice of Compliance with the Court, certifying that he has read and understood The Florida Bar Creed of Professionalism, available at https://www.floridabar.org/prof/presources/creed-of-professionalism/. Failure to comply with the Court's Order will result in additional sanctions.

5. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT**, any scheduled hearings are **CANCELED**, and all deadlines are **TERMINATED**.

6. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 21, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Corey J. Zinman
175 Sedona Way
Palm Beach, FL 33418